IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR HUERTAS,<br>    Plaintiff | ) )<br>) | C.A. No. 10-10 Erie |
| v | ) )<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |
| JEFFREY BEARD, et al.,<br>    Defendants | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 100] be denied.

### II.  REPORT

On May 31, 2011, this Court issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment [ECF No. 78] be granted and that this case be dismissed. [ECF No. 99]. The R&R is pending the issuance of a final order by the District Judge. In the interim, Plaintiff has filed a motion for preliminary injunction [ECF No. 100], seeking an Order requiring Defendant Beard (or his successor) to stop subjecting him to constant illumination inside his cell in SCI-Forest's Restricted Housing Unit ("RHU").

To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest.

Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Correctional Officer. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

To succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994) An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, clothing, shelter, and medical care. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992)(holding that, at a minimum, correctional institutions must provide inmates with "adequate food, clothing, shelter, sanitation, medical care, and personal safety"). Furthermore, to establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Here, Plaintiff alleges that subjecting him to "constant illumination" during his period of

confinement in the RHU violates his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff raised this same claim in his Complaint, which was addressed by this Court in the R&R dated May 31, 2011. In the R&R, this Court noted that the primary lights at issue are the security night lights in the RHU cells, which contain 9 watt fluorescent bulbs that remain lit 24 hours a day. (See ECF No. 99, R&R, at p. 18; ECF No. 92-1 at p. 58). In response to Plaintiff's discovery requests in this matter, Defendant Beard explained that the constant illumination is required for security purposes:

> The purpose of providing a low wattage light bulb is so that staff can better monitor inmates who may present a risk of harm to themselves or to others or who may attempt to escape. Individuals in the RHU in general present a greater risk of inappropriate and threatening activity.

(See ECF No. 79-1, p. 23 at ¶ 4).

In general, courts have held that constant low intensity lighting, when justified by legitimate penological concerns, does not violate the Eighth Amendment. See, e.g., Stewart v. Beard, 2011 WL 835062, at *2 (3d Cir. Mar. 11, 2011); Chavarria v. Stacks, 102 Fed. Appx. 433, 436-37 (5th Cir. 2004)("policy of constant illumination is reasonably related to the penological interest of guard security"); Brown v. Martinez, 2007 WL 2225842 at * 8 (M.D.Pa. July 31, 2007)("continuous exposure to low wattage night time security lighting may be permissible based on legitimate penological interests, such as prison security concerns"); King v. Frank, 371 F.Supp.2d 977, 984-85 (W.D.Wis. 2005)(constant exposure to a 9 watt fluorescent light that allows prison officials to observe inmates at night did not violate Eighth Amendment).

Based on the foregoing, this Court concluded in the R&R that the constant illumination of

the RHU's within the DOC system serves the legitimate penological concern of prison security and, thus, does not violate the Eighth Amendment. In light of this conclusion, Plaintiff cannot show a likelihood of success on the merits to warrant the issuance of a preliminary injunction.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 100] be denied

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 13, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge