**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HECTOR HUERTAS,           )
                                            )
                Plaintiff,       )     Case No. 1:10-cv-10-SJM-SPB
                                            )
      v.                       )
                                            )
JEFFREY BEARD, *et al.,*      )
                                            )
               Defendants.     )

**MEMORANDUM ORDER**

In this civil rights action, Plaintiff Hector Huertas, an inmate at SCI-Forest, asserts various claims under 42 U.S.C. §1983 premised upon alleged violations of his federal due process and Eighth Amendment rights. The matter has been referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On July 20, 2010, the Magistrate Judge held a hearing at which time she addressed, among other things, Plaintiff's motion [27] to conduct oral depositions of certain individuals located at SCI-Albion and SCI-Forest. Judge Baxter denied Plaintiff's motion to the extent Plaintiff requested that the defense be required to coordinate the depositions. She further denied Plaintiff's requests to have the Court pay for the depositions and/or provide Plaintiff someone to administer the requisite oaths. However, the Magistrate Judge granted Plaintiff's motion to the extent of giving him permission to have the depositions tape-recorded and/or to conduct telephonic depositions of those individuals located at SCI-Albion. This order was rendered with the provisos that Plaintiff would have to arrange for a qualified individual, such as a notary, to administer the oaths, and the tape recording would have to be performed by a neutral

third party rather than by Plaintiff's brother, as Plaintiff had originally desired. (See Tr. from 7/20/10 motion hearing [81] at pp. 29-39.)

Subsequently, the Defendants filed a motion for protective order or, in the alternative, for clarification [51] of Judge Baxter's July 20, 2010 order. In filing their motion, Defendants sought to clarify that no employee of the DOC could administer the deposition oaths, as this would violate Rule 28 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 28(c) (requiring that depositions be taken before an officer authorized to administer oaths who is not "… a[n] employee … of any of the parties…"). Defendants also sought to clarify that the officer administering the oath is required by Rule 30 to remain present for the entire deposition and that the deposition must be recorded either by the officer himself or by someone acting in his presence and at his direction. See Fed. R. Civ. P. 30(b)(4), (c), and (f). Defendants suggested that, in the event Plaintiff could not satisfy the requirements of these rules, he could arrange to take written depositions pursuant to Fed. R. Civ. P. 31.

On September 2, 2010, the Magistrate Judge held a hearing to address the Defendants' motion. During the course of this hearing, the Magistrate Judge vacated her prior order allowing tape-recorded depositions after she was advised by the court reporter that tape-recording is not permitted in prison. (See Tr. 9/2/10 motion hearing [88] at pp. 27-32.) Judge Baxter concluded that only stenographic equipment could be used by a licensed court reporter for depositions by inmates, and she ruled that Plaintiff would have to use those means if he wished to take a deposition. (Id.)

Presently pending before the Court is Plaintiff's appeal from Judge Baxter's September 2, 2010 ruling vacating her prior order of July 20, 2010. Upon review of the record, we find no basis for overturning the Magistrate Judge's September 2, 2010 ruling.

Pursuant to the Magistrates Act, a "[d]istrict [c]ourt may reverse a magistrate judge's ruling regarding a non-dispositive issue such as discovery only if it is 'clearly erroneous or contrary to law.'"  *Jackson v. Chubb Corp.*, 45 Fed. Appx. 163, 166 (3d Cir. 2002) (citing 28 U.S.C. §636(b)(1)(A)).  "District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes."  *Halsey v. Pfeiffer,* No. 09-1138, 2010 WL 3735702 at *1 (D.N.J. Sept. 17, 2010) (*citing Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997)). See also *Ball v. Struthers,* Civil No. 1:11-CV-1265, 2011 WL 4891026 at *1 (M.D. Pa. Oct. 13, 2011).  Under the "clearly erroneous" standard, a magistrate judge's discovery ruling "is reversible only for abuse of discretion.'"  *Halsey, supra,* at *1 (citations omitted); *Ball, supra, at *1*.  Here, we find no abuse of the Magistrate Judge's discretion.

Plaintiff objects to what he characterizes as the Magistrate Judge's "sua sponte" decision, absent any request by the defense, to vacate her prior order.  Plaintiff suggests that it was prejudicial error for the Magistrate Judge to consider vacating her July 20, 2010 order without giving him specific notice of her intent in advance.

This argument lacks merit.  Prior to the September 2, 2010 hearing, the parties were expressly notified that the Magistrate Judge would be considering the Defendants' motion for a protective order and/or for clarification of the July 20, 2010 ruling, which specifically concerned Plaintiff's prior request for oral depositions.  Moreover, the Defendants' motion gave Plaintiff fair notice that Defendants were challenging his interpretation of the Court's July 20 ruling, so it should have been clear to Plaintiff that further instruction from the Court on oral deposition would likely be forthcoming.  Judge Baxter's decision to vacate her July 20 order authorizing a tape recorded deposition was entered only after it unexpectedly came to her attention, from the court reporter, that tape recording in prison is generally prohibited.  Defense counsel confirmed on the record that he had also witnessed restrictions on tape recordings in the prison setting.

Acting on this information, Judge Baxter decided to vacate her prior ruling permitting the depositions to be tape-recorded.

Pursuant to Fed. R. Civ. P. 30, "rulings on inmate requests to conduct oral depositions rest in the sound discretion of the court." *Ball, supra*, at *4. However, that discretion "is bounded by a basic recognition of the security and logistical difficulties that such depositions present." *Id*. (citing *McKeithan v. Jones*, 212 Fed. Appx. 129 (3d Cir.2007)). "In light of these logistical and security concerns, it is often preferable for inmates to seek discovery through timely written depositions pursuant to Rule 31 of the Federal Rules of Civil Procedure." *Id. See also McKeithan*, 212 Fed. Appx. at 131 (no abuse of discretion for court, based on logistical and security issues, to deny prisoner's request for oral depositions in favor of written depositions). In relying on the representations of the court reporter and defense counsel concerning the restrictions on the use of tape-recording devices and prisons and consequently vacating her prior order allowing tape-recorded depositions, Judge Baxter acted within the bounds of her considerable discretion.

Plaintiff suggests that the Magistrate Judge was factually mistaken in concluding that SCI-Forest would prohibit tape recorded depositions. He contends that, after Judge Baxter entered her July 20 order permitting tape-recorded depositions, no objections to that method were lodged by any of the Defendants named in this lawsuit, including Defendant Beard. In reality, the record reflects that Plaintiff filled out a request slip addressed to Superintendent Sauers asking that members of the Human Rights Coalition be permitted to enter the prison with a tape recorder and administer the oath for purposes of the deposition. (See Attachment A to Pl.'s Objections [72] at p. 4.) A prison staff member (not Sauers) responded in writing that the matter had been referred to defense counsel, and the staff declined to act further on Plaintiff's request pending a decision on Defendants' motion for protective order and/or clarification. (Id.; see also

Tr. of 9/2/10 hrg. [88] at 28-29.) There is no evidence to suggest that Defendant Beard was personally aware of Plaintiff's request. Furthermore, the record does not establish that any authorized administrator at SCI-Forest officially approved of the use of tape recorders at that institution.

Plaintiff has also supplied a declaration [74] in which he states that, on October 1, 2010, his own deposition was taken at SCI-Forest, at which time the deposition was recorded by a court reporter using "small typewriter" (presumably, a stenographic device) and a tape recorder (presumably as a back up measure). No information is given concerning the specifics of this incident and we are not in a position to draw conclusions about whether the court reporter expressly sought or received permission from authorized personnel to use a back-up tape recorder on the date in question, or whether her use of the device simply went unnoticed. In any event, however, this incident post-dated Judge Baxter's September 2, 2010 ruling and, therefore, could not have been considered by her. Based on the record that was before the Magistrate Judge as of the time of her September 2, 2010 ruling, she did not abuse her discretion by committing clear error or acting contrary to law.

Assuming that tape recordings are in fact prohibited, Plaintiff suggests it was incumbent upon Judge Baxter to arrange for another method of oral deposition, such as by use of audiovisual equipment, by telephone, or by use of a courtroom. These measures, by themselves, would not satisfy Rule 30's requirement that the proceedings be recorded. *See* Fed. R. Civ. P. 30(b)(3). More fundamentally, however, it was not incumbent upon the Court to assume responsibility, logistically or financially, for the depositions Plaintiff wishes to conduct. *See, e.g., Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir.1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statue authorizes courts to commit federal monies for payment of the

necessary expenses in a civil suit brought by an indigent litigant."); *Ball, supra,* at *2 (noting that "numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery") (citing authority).[1]

Plaintiff has also argued that, to the extent the Defendants' motions for protective orders are granted, Defendants and/or DOC staff should be required to bear the burden of financing and arranging the depositions Plaintiff wishes to take. This argument is similarly misguided, as federal courts do not possess the authority to shift the burden of Plaintiff's pretrial discovery costs onto the Defendants. *See Ball, supra*, at *3 (noting that "federal courts may not relieve indigent litigants from the costs of pre-trial discovery, or shift those costs upon other parties") (citing authority).[2]

In sum, we find no basis to reverse the Magistrate Judge's September 2, 2010 ruling in which she vacated her prior order granting Plaintiff leave to conduct tape-recorded oral depositions. Because the Magistrate Judge's order was not clearly erroneous or contrary to law, it will be affirmed. Accordingly, the following order is entered:

---

[1] In his prior appeal from Judge Baxter's original July 20, 2010 order, Plaintiff asked, among other things, that the Court appoint an official to administer the oath. (See "Plaintiff[']s Objections to the Magistrate[']s Method for Deposition to Be Had [53] at ¶ 5 (1).) In light of the foregoing authority, Judge Baxter did not err in rejecting this request.

[2] In his prior appeal from Judge Baxter's July 20, 2010 order, Plaintiff sought, as an alternative form of relief, an order from Judge Baxter directing SCI-Forest staff to provide a room for depositions, arrange for all named deponents to be present, permit use of the prison telephone service, allow a qualified individual to enter the prison and place the Defendants under oath, and permit a designated third party to record the proceedings. In light of Judge Baxter's September 2, 2010 order vacating her prior July 20 ruling, these issues are presently moot.

AND NOW, to wit, this 2nd Day of May, 2012; based upon the foregoing reasons,

IT IS ORDERED that Plaintiff's "Appeal/Objection to the Magistrate Order Denying Motion to Depose" [72] shall be, and hereby is, DENIED, and the Order of Judge Baxter dated September 2, 2010 shall be, and hereby is AFFIRMED.


s/   <u>Sean J. McLaughlin</u>

SEAN J. McLAUGHLIN
United States District Judge


cm:   All parties of record

U.S. Magistrate Judge Susan Paradise Baxter