IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR HUERTAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-10-SJM-SPB |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY BEARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff is an inmate SCI-Forest serving a life sentence for first-degree murder. He initiated this civil rights action on January 12, 2010 and the matter was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Plaintiff's second amended complaint [19], the operative pleading in this case, alleges various violations of Plaintiff's due process and Eighth Amendment rights stemming from his extended segregation in administrative custody while imprisoned within various Pennsylvania state corrections institutions.

Pending before the Court is Plaintiff's appeal [54] from the July 20, 2010 oral ruling by U.S. Magistrate Judge Susan Paradise Baxter denying Plaintiff's motion to compel the production of various documents [30]. Plaintiff's motion to compel sought the production of some 19 categories of documents generated or maintained by the Pennsylvania DOC. In support of his motion, the Plaintiff filed a lengthy brief [31]. The Defendants filed a response to Plaintiff's motion to compel [36] in which they asserted

objections to the production of certain materials. Plaintiff then filed an addendum [46] in further support of his motion to compel. A motion hearing was held on July 20, 2010, at the conclusion of which the Magistrate Judge made an oral ruling sustaining the Defendants' objections to the production requests.

At issue in the present appeal are the following documents or groups of documents which Plaintiff seeks to obtain:

1. DC-ADM 6.5.1 Policy and Procedure Manual;
2. Unit Team Reports
3. Documents referencing Plaintiff's Placement on the Restricted Release List
4. Documents concerning Plaintiff's Time in the LTSU
5. Transfer Petitions
6. Certain of Plaintiff's medical /psychological records
7. Information reflecting the percentage of inmates that have been in administrative custody for over 7 and ½ years at SCI Forest
8. Material discoverable pursuant to Fed. R. Civ. P. 26(a)(1)(i) and (ii).

## I.     STANDARD OF REVIEW

We begin our analysis by reviewing the terms of Federal Rule of Civil Procedure 26(b) which provides, in relevant part, as follows:

> **(1) *Scope in General*.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of

>    admissible evidence.  All discovery is subject to the limitations imposed by
>    Rule 26(b)(2)(C).
>
>    ...
>
>    **(2) *Limitations on Frequency and Extent.***
>
>    …
>
>    (**C**)   *When Required.*  On motion or on its own, the court must limit the
>    frequency or extent of discovery otherwise allowed by these rules or by
>    local rule if it determines that:
>
>    (i)     the discovery sought is unreasonably cumulative or duplicative, or
>            can be obtained from some other source that is more convenient,
>            less burdensome, or less expensive;
>
>    (ii)    the party seeking discovery has had ample opportunity to obtain the
>            information by discovery in the action; or
>
>    (iii)   the burden or expense of the proposed discovery outweighs its
>            likely benefit, considering the needs of the case, the amount in
>            controversy, the parties' resources, the importance of the issues at
>            stake in the litigation, and the importance of the discovery in
>            resolving the issues.

Fed. R. Civ. P. 26(b) (1) and (2)(C).

Although the scope of relevance in discovery is broader than that allowed for evidentiary purposes, it is not limitless. *Bailey v. McMahon*, Civil No. 1:CV–07–22382012 WL 1246147 at *5 (M.D. Pa. April 12, 2012) (citing *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa.1992)).  Discovery will not be permitted where the request is made in bad faith, is unduly burdensome, is irrelevant to the subject matter at hand, or relates to confidential or privileged information.  *Bailey, supra (citing Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa.1982) and 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007–2013 (2d ed.1990)).

A party objecting to discovery has the burden to demonstrate in specific terms why a particular discovery request is improper. *Bailey, supra (citing Hicks v. Big Brothers/Big Sisters of America*, 168 F.R.D. 528, 529 (E.D. Pa. 1996); *Goodman*, 553 F. Supp. at 258). The objecting party must show that the requested materials do not fall "within the broad scope of relevance ... or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Id.* (*citing Burke v. New York City Police Dep't,* 115 F.R.D. 220, 224 (S.D.N.Y. 1987)). If the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). *See* Fed.R.Civ.P. 34(b), 37(a)(1)(B).

Because this pending discovery dispute comes on as an appeal from the Magistrate Judge's ruling, my scope of review is subject to the provisions of the Magistrates Act, 28 U.S.C. § 636. In accordance with this statute, a "[d]istrict [c]ourt may reverse a magistrate judge's ruling regarding a non-dispositive issue such as discovery only if it is 'clearly erroneous or contrary to law.'" *Jackson v. Chubb Corp.*, 45 Fed. Appx. 163, 166 (3d Cir.2002) (citing 28 U.S.C. § 636(b)(1)(A)). "District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes." *Halsey v. Pfeiffer*, No. 09–1138, 2010 WL 3735702 at *1 (D.N.J. Sept.17, 2010) (*citing Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J.1997)). *See also Ball v. Struthers*, Civil No. 1:11–CV–1265, 2011 WL 4891026 at *1 (M.D. Pa. Oct.13, 2011). Under the "clearly erroneous" standard, a magistrate judge's discovery ruling "is reversible only for abuse of

discretion.'" *Halsey, supra*, at *1 (citations omitted); *Ball, supra*, at *1. Applying this standard, we will address each category of disputed documents seriatim.

## II. DISCUSSION

1. DC-ADM Policy 6.5.1

In his motion to compel, Plaintiff sought to obtain "[a]ll documents that mention[ ], construe[ ], and refer[ ] to policies DC ADM 802; 6.5.1 and 6.5.1 procedural manual." (Mot. to Compel [30] at ¶1.) Defendants produced DC-ADM 802 but objected to the production of DC-ADM 6.5.1 as well as "all documents" mentioning, construing or referring to 6.5.1.

Policy 6.5.1 addresses the administration of Security Level 5 Housing Units. Their position is that:

> DC-ADM 6.5.1 is highly confidential, and its disclosure would present a risk to institutional security. … Furthermore, the issue in this case is not whether the defendants violated institutional policies, but instead whether they violated Plaintiff's constitutional rights. The policies at issue do not create any rights, and are irrelevant to the issues in this case. Furthermore, discovery is not a fishing expedition. If Plaintiff wants something specific, he should ask for it. His "all documents referencing" request is improper, and moreover, the request is unduly burdensome as records are not kept in this manner.

(Defs.' Response to Pl.'s Mot. to Compel Docs. [36] at p. 2 ¶ 6(a).)

In support of their answer, Defendants supplied a declaration from Thomas Riskus, Intelligence Caption at SCI-Forest, stating that the procedures manual for DC-ADM 6.5.1. "contain[s] privileged, confidential and sensitive information directly related to the operations and security of the institution." Mr. Riskus further states that "[d]isclosure of any portion of the[ ] manual[ ] to inmates poses a significant risk to the security of the institution and the safety of staff and inmates." (Riskus Decl. [36-1] at p.

6, ¶ 2.)  The Magistrate Judge sustained Defendants' objections and denied Plaintiff's motion to compel insofar as it related to disclosure of the DC-ADM 6.5.1. Policy and Procedures Manual.

On appeal, Plaintiff contends that the Magistrate Judge erred in several respects in sustaining Defendants' objection to this production request.  For one, Plaintiff argues, Mr. Riskus did not specify that he had reviewed the material so as to have familiarity with the information contained therein.  However, Mr. Riskus' declaration establishes that he is the SCI-Forest Intelligence Caption whose responsibilities include implementing rules relating to security and investigating breaches of those rules.  As such, Mr. Riskus' familiarity with DC-ADM 6.5.1 may fairly be inferred.  Therefore, Mr. Riskus' declaration provides a sufficient foundation to establish his personal knowledge concerning the impact that disclosure of DC-ADM 6.5.1 would have on institutional security.  Although Plaintiff objects that the Defendants have not specified which particular parts of DC-ADM 6.5.1 are considered privileged, Mr. Riskus' declaration makes clear that he considers *all* portions of the procedures manual to contain sensitive information, as he opines that disclosure of any portion of the manual could present a security risk to the institution.

Plaintiff next suggests that the Defendants have waived any confidentiality or privilege associated with DC-ADM 6.5.1.  He contends that portions of the procedures manual was previously made public through the courts' discussions in *Beard v. Banks*, 548 U.S., 521, 525-27 (2006) and *Rivera v. Pennsylvania Dept. of Corrections,* 837 A.2d 525 (Pa. Super. 2003).  Since this information has already been placed in the public domain, Plaintiff reasons, it cannot be withheld on the grounds of privilege.

However, nothing in these decisions demonstrates an abuse of discretion on the part of the Magistrate Judge in sustaining Defendants' objections to the production of the DC-ADM 6.5.1 procedures manual. The cases cited by Plaintiff involve discussions about the conditions in the Long Term Segregation Unit at SCI-Pittsburgh, but they do not expressly cite DC-ADM 6.5.1, so it is not clear from the cases which portions, if any, of that policy or procedural manual have been made "public" or which iteration of the Policy was even at issue in those particular rulings. In any event, to the extent the courts' discussions in *Banks* and *Rivera* concerned DOC policy relative to the SCI-Pittsburgh LTSU and or the conditions of confinement therein, that information is not directly relevant to the claims now before the Court. To the extent Plaintiff deems it relevant, he can attempt to make use of such information as he sees fit; however, neither ruling effectively waives the Defendants' claim of privilege as it pertains to the release of DC-ADM 6.5.1 for purposes of this case.

Plaintiff also takes issue with the Magistrate Judge's handling of the motion hearing in that he claims she allowed defense counsel a chance to argue his position and did not afford him the same opportunity. Upon review of the hearing transcript, we find no abuse of discretion on the part of the Magistrate Judge.

Judge Baxter would have been well within her discretion had she declined to hold an oral argument altogether and simply made her ruling based on the parties' arguments as set forth in the respective papers supporting and opposing the motion to compel. *Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 247 F.R.D. 453, 454 (D.N.J. 2007) (magistrate judges have broad authority to manage their dockets and decide discovery issues) (citing authority). In this case, the transcript shows that Judge

Page **7** of **20**

Baxter cut argument short only after Plaintiff repeatedly kept interrupting her and defense counsel as Judge Baxter tried to hash through the Defendants' position. And while Plaintiff did not have any lengthy opportunity to orally argue his position on the motion to compel, he had ample opportunity to express his position through his motion, his supporting brief, and his "addendum" paper.

Notably, Plaintiff appended to his supporting brief a portion of the Policy Statement for DC-ADM 6.5.1 with the effective date of April 1, 2003. This document contains the following language under the Heading "Release of Information and Dissemination of Policy":

**A. Release of Information**

1. Policy

    This policy document is public information and may be released upon request.

2. Procedures Manual (if applicable)

    The procedures manual for this policy is <u>not public information</u> and shall not be released in its entirety or in part, without the prior approval of the Secretary/designee. This manual or parts therof, may be released to any Department employee on an as needed basis.

(See Ex. D to Pl.'s Br. In Supp. Of Mot. To Compel [31] at p. 50.)

Plaintiff contends that this document proves the Policy itself is not privileged or confidential yet, he insists, Judge Baxter ignored this evidence. However, a review of the transcript shows otherwise: Plaintiff's point about the appended Policy and the foregoing language was expressly brought to Judge Baxter's attention during the oral argument, but defense counsel offered the counter-argument that the Policy had since been amended and the current version was not among those now listed on the

Department's website with links available to the public. See http://www.cor.state.pa.us/portal/server.pt/community/doc_policies/20643. Based on this representation (which appears to be borne out by our review of the foregoing website), Judge Baxter accepted the Defendants' position that Policy 6.5.1 as well as the accompanying procedures manual are considered sensitive documents whose disclosure would jeopardize institutional security. I see no error in this aspect of her ruling.

This is particularly true when we weigh the DOC's security concerns against the purported need for the policy. Plaintiff insists that he must obtain the Policy in order to prosecute his Eighth Amendment claim that the 24-hour lighting maintained in the RHU is a form of cruel and unusual punishment. Plaintiff reasons that he needs to know the official policy concerning illumination in order to conduct a proper analysis under *Turner v. Safley*, 482 U.S. 78, 89 (1987). In addition, he asserts a need to know whether the Defendants are acting in accordance within the discretion given to them under Policy 6.5.1 as they claim.

I find these arguments unpersuasive. Whether the Defendants have acted in strict accordance with Policy 6.5.1 is not at issue, because we are not concerned with the possible violation of internal prison policy but rather the alleged violation of Plaintiff's federal constitutional rights, which exist quite independently of any authorization contained in DC-ADM 6.5.1. It is the Defendants' *actual* practice regarding 24-hour illumination, and not the language of the Policy itself, which must be judged against Eighth Amendment standards, and Plaintiff can attest to those actual practices based upon his own observations. Moreover, Defendants have already articulated, through other discovery responses, what their practice is relative to the lighting used in the RHU

and how they believe it advances their legitimate penological interests. (See Pl.'s Ex. 14, 15, and 16 in Supp. Of Concise Stmt. Of Material Facts [92-1] at 55-56, 58 and [92-2] at pp. 3 ¶8, p. 6 ¶ 8; Ex. B to Defs.' Concise Stmt. Of Material Facts [79-1] at p. 22, ¶4 and p. 23 at ¶ 4.) Because the Defendant's legitimate security concerns outweigh Plaintiff's need for the subject documents and because the Plaintiff has already obtained the essential information by other means, the Court finds no abuse of the Magistrate Judge's discretion in denying Plaintiff's motion to compel the production of DC-ADM 6.5.1 and/or concludes that Plaintiff's appeal is moot.

2. **Unit Team Reports**

In his motion to compel, Plaintiff sought the production of "[a]ny and all Unit Team Reports, Counselor reports, 90 days review reports, from the date of April 15, 2005 up to the commencement of this action." (Mot. To Compel [30] at ¶ 3.) Defendants responded any and all responsive documents had already been provided to Plaintiff or were being provided in response to Plaintiff's Second Request for Production of Documents. (See Defs.' Response [36] at ¶ (c).) In correspondence to Plaintiff dated June 18, 2010, defense counsel indicated that he was not sure what Plaintiff was seeking by referencing the terms "counselor reports and unit team reports." (See Ex. A to Defs.' Resp. to Mot. To Compel [36-1] at p. 2, ¶ 3.)

Plaintiff contends that the Magistrate Judge erred in ruling too swiftly without adequately considering his arguments. He also claims the documents are needed in order to show that the Defendants only gave him perfunctory hearings as to his continued AC status in violation of his due process rights.

We find no abuse of the Magistrate Judge's discretion insofar as she accepted the Defendants' representation that they had produced all the responsive documentation that could be located. *See Ball v. Struthers,* Civil No. 1:11-CV-1265, 2001 WL 4891026 at *2 (M.D. Pa. Oct. 13, 2011) ("It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation.")(citing authority). Furthermore, insofar as the Magistrate Judge held an abbreviated argument I have already found no abuse of her discretion in doing so, particularly after the Plaintiff repeatedly interrupted the proceeding.

3. **Documents Referencing Plaintiff's Placement on the RRL**

Plaintiff's motion to compel also sought production of "[a]ny and all documents, memo's [sic], orders, [and] directions that mention[ ], contstrue[ ], and refer[ ] to Plaintiff's (Plt) placement on the [Restricted Release List][,] including but not limited to Defendants['] request to have [Plaintiff] initially placed on RRL, reasons, dates, approvals, reviews, and rationales." (Mot. To Compel [30] at ¶ 5.) Defendants responded that they were already providing all responsive documentation that could be located and which were non-privileged in response to Plaintiff's Request #3. Defendants specifically objected to the production of transfer petitions, however, on the grounds of privilege and confidentiality. (See Defs.' Resp. to Mot. To Compel [36] at pp. 3-4, ¶ (e).)

Plaintiff contends that the Magistrate Judge wrongly denied his motion relative to these documents without considering his arguments. He claims the Defendants were

deceitful in claiming that they had satisfied their discovery obligation in response to Plaintiff's Request #3 since Request #3 did not even reference any "RRL" materials.

Plaintiff's objection is misguided. I have already found that the Magistrate Judge did not abuse her discretion in cutting oral argument short after Plaintiff repeatedly interrupted the proceedings and after he had already had the opportunity to set forth his arguments in lengthy paper filings. Furthermore, there was no abuse of the Magistrate Judge's discretion in accepting the Defendants' representation that all responsive, non-privileged documents were being produced pursuant to a separate document request. Plaintiff's appeal of this particular ruling lacks merit.

### 4. Documents Referencing Plaintiff's Time in the LTSU

Paragraph 2 of Plaintiff's motion to compel sought the production of "[a]ny and all documents that contain[ ], mention[ ], construe[ ], and refer[ ] to the practice of the Long Term Segregation Unit (LTSU) as it was effective on April 15, 2005 up to May 30, 2006. (Mot. To Compel [30] at p. 1 ¶ 2.) Paragraph 6 similarly sought production of any and all documents, memos, requests, and orders that reference Plaintiff's placement in the LTSU and removal therefrom, "including but not limited to [D]efendant[ ] Beard[']s memo's [sic], orders, approvals, suggestions, recommendations, and reviews [sic] of such." (Id. at pp. 1-2, ¶6.)

In response to Plaintiff's original request for these materials (see Pl.'s First Req. for Prod. Of Docs. [31] at pp. 30-31, ¶¶ 2 and 6), Defendants indicated that they were providing DC-ADM 802 (with effective dates of 3/8/04, 5/6/05, 7/8/05, 9/1/06, 1/12/07, 5/14/08) and DC-ADM 801 (effective date 5/14/08). To the extent Plaintiff was

requesting materials included as part of DC-ADM 6.5.1 Policy and Procedural Manual, Defendants objected on the grounds of privilege and confidentiality, stating that disclosure of these materials to an inmate could pose an institutional security risk. (See Defs.' Resp. to Pl.'s First Req. for Prod. Of Docs. [31] at p. 33, ¶¶ 2, 1.) By way of further response, Defendants referred Plaintiff to "[s]ee documents provided throughout these responses," which would have included their production of "30/60 day reviews, PRC reports, etc. relating to plaintiff's AC confinement, including LTSU and RRL confinement." (See Id. at pp. 33-34, ¶¶ 6, 3.) To the extent Plaintiff's request called for the production of transfer petitions (addressed in more detail, *infra*), Defendants objected on the grounds of privilege and confidentiality. (Id.)

Defendants incorporated the foregoing responses in addressing Plaintiff's motion to compel information relative to his stay in the LTSU. (See Defs.' Resp. to Pl.'s Mot. To Compel [36] at pp. 3-4 ¶¶ (b) and (f).) By way of further response, they objected to Plaintiff's requests insofar as it sought the production of "'all documents' that refer to something." (Id. at ¶ (b).)

The Magistrate Judge did not abuse her discretion in upholding these objections and denying Plaintiff's motion to compel. Plaintiff received a substantial amount of material in response to his original and subsequent document requests, and the Magistrate Judge was entitled to accept the Defendants' representation that all non-privileged and responsive documents were being, or already had been, produced. For the reasons previously discussed, the Magistrate Judge committed no clear error or abuse of discretion in accepting Defendants' claim of privilege relative to DC-ADM 6.5.1. Furthermore, we agree that the request for any and all documents that merely

"mention" or "refer" to the "practice" of the LTSU is overly broad and unduly burdensome and, therefore, the Magistrate Judge did not err in denying this aspect of Plaintiff's motion.

### 5. Transfer Petitions

Paragraph 7 of Plaintiff's motion seeks "[a]ny and all request[s], petitions, justifications, [and] orders to transfer [Plaintiff]'' from SCI-Green to SCI-Frackville, then to SCI-Smithfield, then to SCI-Fayette, then to SCI-Albion, and finally to SCI-Forest. (Motion to Compel [30] at ¶ 7.) Defendants opposed disclosure of this information on the ground that it is privileged and confidential and because they believe the information is irrelevant to Plaintiff's claims. In support of their response, Defendants refer to the declaration of Mr. Riskus, who states that:

> Transfer petitions and records contain privileged, confidential, and sensitive information the disclosure of which poses a risk to the security of the institution and the safety of staff and inmates. Among other things, this information could permit the inmate to manipulate his programming. In addition, transfer petitions often contain information unknown to the subject inmate, and the disclosure of that information poses a risk of retaliation against the individual staff member or inmate who requested or approved the transfer.

(Riskus Decl. [36-1] at pp. 6-7, ¶ 3.)

On appeal from the Magistrate Judge's denial of his motion to compel, Plaintiff objects that Mr. Riskus' declaration states only that the requested documents *may* contain info that *could* be used to manipulate programming, not that it *does* contain such information and that disclosure *would* be so used. Similarly, he objects that Mr. Riskus' declaration merely states that the requested transfer petitions *often* contain

information that could pose a risk of retaliation, not that they *do* contain such information in Plaintiff's case.  Plaintiff maintains that the Magistrate Judge could and should have reviewed the requested petitions to see if such information was in there, especially because he believes his transfers were not program-related.

I find no abuse of the Magistrate Judge's discretion as it pertains to her ruling denying Plaintiff's request for transfer petitions.  Defendants have satisfactorily established that production of the requested materials could jeopardize institutional security interests.[1]  Moreover, Plaintiff has failed to adequately explain how production of these documents would materially aid the prosecution of his claims, especially since he concedes that he already knows the identity of those individuals responsible for his transfers (he states that he has already named them as Defendants herein) as well as the reasons underlying his transfers.  (See Pl.'s Objections [54] at p. 8, ¶ 38.)  Plaintiff's appeal of this issue will therefore be denied.

### 6. Medical and Psychiatric Records

Paragraph 8 of Plaintiff's first request for production of documents sought "[a]ny and all of Plaintiff's medical file 'only' as they relate to Plaintiff's eye exams, glasses prescriptions, medications for headaches and pains; and psychological records 'ONLY' as they relate to [P]laintiff's psychological diagnosis from 5-3-06 up to the commencement of this action."  (See Pl.'s Br. In Supp. Of Mot. to Compel [31] at p. 31, ¶ 8.)  The Defendants responded by stating, "See attached eye exams, glasses prescriptions and medications (MAR's) form May 3, 2006 until the present."  Defendants

---

[1] Notwithstanding this objection, the record shows that Defendants did subsequently release at least one transfer petition to Plaintiff, with appropriate redactions.  (See Ex. 29 to Pl.'s Resp. to Defs.' Concise Statement of Material Facts [92-2] at p. 47-48.)

objected to the production of Plaintiff's psychological records on the grounds that such information is privileged, confidential, irrelevant and not likely to lead to the discovery of admissible evidence. (See id. at p. 34, ¶ 8.)

Plaintiff subsequently sent a letter to defense counsel on May 19, 2010 in which he objected to the withholding of his mental health records as well as the withholding of medical records showing why he was prescribed medication for headache and eye pain. (Id. at pp. 40-41, ¶ 8.) In response, defense counsel advised that Defendants would "stand on their objection and response." (Ex. A to Defs.' Resp. to Mot. to Compel [36-1] at p. 3, ¶ 8.) In addition, defense counsel wrote:

> this request for all records as to why [Plaintiff] was prescribed the medications indicated on the MAR's already provided from 2006 until the present is Objected to as seeking information that is over broad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible information. This information would include his entire medical record for 4 ½ years.

(Id.)

After Plaintiff filed his motion to compel production of these documents, Defendants further replied that, "without waiver of the previous objection, Progress Notes and Physician's Orders for the relevant time period are being provided with the Defendants' responses to Plaintiff's Second request for Production of Documents, and thus Plaintiff's motion is moot in that the requested documents will soon be provided." (Defs.' Resp. to Mot. to Compel [36] at p. 5, ¶(h).) Defense counsel continued to press his objection to the production of Plaintiff's psychological records on the grounds of privilege and confidentiality. (Id.) In support of their position, Mr. Riskus states that:

> An inmate's psychiatric records contain privileged, confidential, and sensitive information the disclosure of which poses a risk to the security of the institution and the safety of staff and inmates. Among other things,

> this information could permit the inmate to manipulate his programming. Moreover, it is imperative in the administration of psychiatric/psychological care for the treating professional to be completely frank in his written analysis of the inmate, and disclosure of psych records would thus frustrate the very goals of treatment.

(Ex. B to Defs.' Resp. to Mot. to Compel [36-1] at p. 7, ¶ 5.) The Magistrate Judge accepted Defendants' position and therefore denied Plaintiff's motion to compel production of his psychological records.

Having fully considered Plaintiff's objections to this ruling, I find no abuse of the Magistrate Judge's discretion. Insofar as Plaintiff's Eighth Amendment claim is concerned, he has alleged decreased vision, eye pain, headaches, and photophobia (light sensitivity) as a result of living under 24-hour illumination. Defendants represented that they have supplied Plaintiff documentation from his medical file relative to these complaints and any medications he was prescribed. Plaintiff's objections to the denial of his motion to compel insofar as it relates to the production of psychological records is unpersuasive in light of the security concerns asserted by Defendants. The Magistrate Judge's ruling in this regard will therefore be affirmed.

7. **Percentage of Inmates in AC Status**

Paragraph 18 of Plaintiff's motion to compel seeks production of "[t]he percentage of inmates in the Pennsylvania Department of Corrections custody that ha[ve] been in AC status for over 7 ½ years, and at SCI Forest." (Pl.'s Mot. to Compel [30] at ¶ 18.) Defendants responded that there is no document reflecting this figure and that compiling the information would be unduly burdensome. They further objected that the information sought was overly broad, irrelevant, and not likely to lead to the

discovery of admissible evidence. (Defs.' Resp. to Mot. to Compel [36] at p. 6 ¶(I).) The Magistrate Judge sustained this objection and denied Plaintiff's request.

I find no abuse of discretion in this regard. Plaintiff has argued that he requires this information in order to show that his time in segregation has imposed atypical and significant hardships in relation to ordinary incidents of prison life in order to prove his due process claim. However, in her Report and Recommendation evaluating the parties' cross- motions for summary judgment [99], Judge Baxter assumed for purposes of Plaintiff's due process claim that Plaintiff's extended time in segregation constituted a significant enough deprivation of liberty to implicate due process concerns, and this Court is inclined to do the same. Therefore, the requested information is unnecessary to the prosecution of Plaintiff's due process claim and would merely create an unwarranted burden on the Defendants. Consequently I find that the Magistrate Judge did not abuse her discretion in denying this request.

### 8. Rule 26(a)(1)(i) and (ii) Materials

Finally, Plaintiff's motion to compel sought the disclosure of "all discoverable information as described in F.R.C.P. Rule 26(a)(1)(i) [and] (ii)." (Mot. to Compel [30] at p. 2, ¶ 19.) Defendants objected that the request related to automatic disclosures of discoverable information which are inapplicable to prison cases. See Fed. R. Civ. P. 26(a)(1)(B)(iv). The Magistrate Judge sustained this objection.

Plaintiff objects to the Magistrate Judge's ruling on the ground that he was not seeking the subject information under the automatic disclosure provisions but simply under Rule 34. Nevertheless, we see no abuse of discretion in the Magistrate Judge's

denial of this aspect of Plaintiff's motion. Plaintiff has sought and obtained a considerable amount of material from the Defendants throughout the course of this litigation, which has allowed Plaintiff to flesh out in detail the contours of his due process and Eighth Amendment claims. At this point in the litigation, given the extensive discovery that has been conducted to date, Plaintiff has failed to show how the denial of this particular request has hampered his ability to effectively prosecute his case.

### III.     CONCLUSION

In sum, because the Magistrate Judge did not commit clear error or otherwise act contrary to law, *see* 28 U.S.C. § 636(b)(1)(A), and because the Court finds no abuse of her discretion nor any grounds warranting a remand on the matter, the following order will be entered:

AND NOW, to wit, this 30th Day of July, 2012, upon consideration of Plaintiff's appeal [54] from the Magistrate Judge's text order, entered orally into the record on July 20, 2010, denying Plaintiff's motion to compel [30],

IT IS ORDERED that said appeal shall be, and hereby is, DENIED and the aforementioned order of the Magistrate Judge shall be, and hereby is, AFFIRMED.

                                            s/ <u>Sean J. McLaughlin</u>
                                               SEAN J. McLAUGHLIN
                                               United States District Judge

cm:    All parties of record
        U.S. Magistrate Judge Susan Paradise Baxter